UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60271-SMITH/VALLE

LANCE KEVIN ANDERSON, *et al.*,

    Plaintiffs,

v.

J & L CABLE TV SERVICES, INC., *et al.*,

    Defendants.

_____

## **REPORT AND RECOMMENDAITON TO DISTRICT JUDGE**

THIS CAUSE is before the Court upon Defendant J&L Cable TV Services, Inc.'s Motion for Sanctions and Supplement to the Motion for Sanctions (the "Motions") (ECF Nos. 71, 76). The Motions were referred to the undersigned for appropriate disposition. (ECF Nos. 73, 77).

### I.    PROCEDURAL BACKGROUND

On January 6, 2021, Defendant filed its initial Motion for Sanctions against Plaintiff Manesse Vilsaint ("Vilsaint"), stemming from Vilsaint's failure to attend his properly noticed deposition. *See generally* (ECF No. 71). Shortly thereafter, Defendant filed a Motion to Supplement the Motion for Sanctions, based on Vilsaint's subsequent failure to attend court-ordered mediation. *See* (ECF No. 76). In the Motions, Defendant asks the Court to dismiss Vilsaint's lawsuit and award fees and costs to Defendant as a sanction for Vilsaint's failure to attend the deposition and subsequent mediation. *See* (ECF Nos. 71 at 4, 5, 76-1 at 2). Despite two court orders by the undersigned directing Vilsaint to respond to the Motions, *see* (ECF Nos. 78, 79), Vilsaint failed to do so. Notably, both orders warned Vilsaint that failure to timely respond may result in the Motions being granted by default without further notice. *Id*.

Nonetheless, instead of responding to the motions, Vilsaint's counsel filed a Motion to Stay the case for 90 days (as to Vilsaint only), explaining that counsel had been unable to reach Vilsaint "since before the date his deposition was scheduled to occur." (ECF No. 80 at 1). Over Defendant's objection, and in the exercise of its discretion, the undersigned granted the Motion to Stay, giving Vilsaint a final opportunity to respond to the Motions by May 27, 2021. *See* (ECF Nos. 81, 100). In this latest order, the undersigned warned Vilsaint – for the third time – that failure to comply could result in the Motions being granted by default. (ECF No. 100). To date, however, Vilsaint has not responded to the Motions or this Court's Order.

## II.  LEGAL STANDARD

Under certain circumstances, courts may dismiss a party's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A), Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), and the Court's inherent authority to manage its docket. These circumstances include situations, such as in this case, where a party repeatedly fails to comply with court orders regarding discovery, fails to appear at properly noticed depositions, and generally fails to prosecute its case. *See, e.g., Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479, 482 (11th Cir. 2020) (dismissal under Rule 41(b) and Rule 37(b)(2)(A) for repeated failures to comply with court orders regarding discovery); *Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) (holding that a district court may dismiss a case either under Rule 41(b) or the court's inherent power if a plaintiff fails to comply with a court order or fails to prosecute the case); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 914 (11th Cir. 2010) (upholding magistrate judge's dismissal of complaint under either Rule 37(d) or 41(b) for numerous discovery violations, including failure to appear for properly noticed deposition).

## III.  ANALYSIS AND RECOMMENDATION

It is undisputed that Vilsaint has disregarded several Court orders, failed to attend a properly noticed deposition, failed to attend court-ordered mediation, generally absented himself,

failed to prosecute the case, and failed to heed several court warnings that failure to comply may result in the Motions being granted by default.

Against this background, the undersigned recommends that Vilsaint's case be dismissed without prejudice.[1] The undersigned further recommends that Vilsaint (not his counsel) be directed to pay $3,000 towards Defendant's attorney's fees and costs incurred in connection with the cancelled deposition, mediation, and the Motions for sanctions. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (courts may use their own knowledge and experience to determine a reasonable fee award).

Lastly, within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 7, 2021.

_Alicia O. Valle_
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record

---

[1] Moreover, given Vilsaint's repeated failures to follow the Federal Rules and this Court's previous orders, Vilsaint should be warned that further violations could result in dismissal with prejudice, based on this Court's finding that lesser sanctions will simply not suffice to obtain Vilsaint's compliance with court orders and avoid further delays in these proceedings. *Kelly*, 376 F. App'x at 913 (dismissal of a case with prejudice requires "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.") (quotation omitted).